IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt Adam Oldenburg,<br><br>                Plaintiff,<br><br>v.<br><br>Laura Ridge, et al.,<br><br>                Defendants. | No. CV 14-02367-PHX-PGR (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DISTRICT JUDGE PAUL G. ROSENBLATT:**

This matter is before the Court regarding service of Defendant Pierce, Deputy Warden. At the time of filing this *pro per* civil rights action, Plaintiff was an inmate at an Arizona State Prison Complex. In an Order entered December 16, 2015, the Court ordered Defendants Lead Psych Associate Laura Ridge, Deputy Warden Pierce, Psych Assistant Elizabeth Rios and Psychiatrist Winsky to answer various counts of Plaintiff's Second Amended Complaint (Doc. 20.) Counsel has entered an appearance for Defendants Rios and Winsky (Doc. 32), who have answered and a Scheduling Order has been issued (Doc. 38). Defendant Ridge has been served (Doc. 46) and has not yet answered. Defendant Pierce has not yet been served and this Report and Recommendation regards such; undersigned recommends that Defendant Pierce be dismissed without prejudice for failure to serve and for failure to respond to this Court's

Order to Show cause regarding failure to serve (Doc. 44).[1]

On April 15, 2016, Plaintiff filed a motion for alternative service on Defendant Pierce (Doc. 31). The Court granted Plaintiff's motion and directed defense counsel who had entered an appearance to provide to the Court under seal the last known address of non-Corizon defendant named Pierce (Doc. 33). Counsel for Defendants Rios and Winsky did not have a home address for Defendant Pierce. The sealed portion of the notice at Doc. 43 (sealed to protect the home addresses) relating to Defendant Pierce states as follows: "Kelly Pierce: Corizon has no record of this party as either an employee or an independent contractor for Corizon. Corizon records disclose a Kelly Pierce, Facility Compliance Inspections/Auditior for the Arizona Department of Corrections." (Doc. 43 at p. 3).

A month later, on June 20, 2016, Plaintiff moved for an extension of time to serve Defendant Pierce (Doc. 39, p. 1). Plaintiff explained that he would obtain a licensed private investigator to locate Ridge once released from custody, which was imminent (Id., p. 2). The Court granted this motion, allowing Plaintiff until September 23, 2016, to serve Defendant Pierce (Doc. 40). Subsequently, on July 11, 2016, Plaintiff provided his address outside of prison (Doc. 41). September 23, 2016, passed without service of Defendant Pierce. Nor did Plaintiff file any update regarding his efforts to serve Defendant Pierce on or before September 23, 2016.

On November 2, 2016, this Court issued an Order to Show Cause directing that "Plaintiff on or before Tuesday, November 15, 2016, show cause in a written filing … why Defendant Pierce should not be dismissed" (Doc. 44 at p. 3). Plaintiff did not respond to the Court's Order to show cause. Further, as of today's date, there is no indication that Plaintiff has served Defendant Pierce. Plaintiff has had since July 11,

---

[1] In the discussion below, several of the filings and orders also pertained to Defendant Ridge. Because Defendant Ridge has now been served, the Court will not discuss the application of the filings and orders as to Defendant Ridge. The Court notes that the delayed service of Defendant Ridge in this matter is due at least in part to a clerk's office error. To the extent that such error may have arguably warranted more time for Plaintiff's service of Defendant Pierce, Plaintiff has been afforded such time and additional time. *See* Doc. 44.

2016, to effect service.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against Defendant Pierce be dismissed without prejudice due to Plaintiff's failure to serve Defendant Pierce within the time specified by the Court in the Order at Doc. 40 and for failure to show cause within the time frame specified by the Court in the Order at Doc. 44.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 13th day of December, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge